IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20219
Summary Calendar

_____

WILLIAM L ROSE; ET AL,

                                        Plaintiffs,

WILLIAM L ROSE; ANNETTE ROSE; MARK GABRO,
Individually and on behalf of all others
similarly situated; CATHY GABRO, Individually
and on behalf of all others similarly situated,

                                        Plaintiffs-Counter
                                        Defendants- Appellants,

v.

FIRST COLONY COMMUNITY SERVICES
ASSOCIATION, INC; ET AL,

                                        Defendants,

SUGARLAND PROPERTIES INC,

                                        Defendant-Counter
                                        Claimant-Appellee,

v.

PERCY L ISGITT,

                                        Defendant-Appellant.

_____

WILLIAM L ROSE; ANNETTE ROSE; MARK GABRO;
CATHY GABRO, Individually and on behalf
of all others similarly situated,

                                        Plaintiffs - Appellants,

v.

FIRST COLONY COMMUNITY SERVICES
ASSOCIATION INC; ET AL,

                                        Defendants,

SUGARLAND PROPERTIES INC.,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-2097)

October 22, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:[*]

William Rose, Annette Rose, Mark Gabro and Cathy Gabro appeal the district court's award of sanctions for filing a motion for protective order. Because we find that the district court did not follow the requirements of Fed.R.Civ.P. 37(a)(4)(B), and because it appears that incorrect individuals were named in the sanctions order, we reverse and remand.

The sanctions resulted from the filing of a motion for protective order. After the court had decided the underlying dispute in favor of First Colony, First Colony sought to take a post-judgment deposition regarding its bill of costs. The plaintiffs, who included William Rose, Annette Rose, Woodrow W. Miller, Michelle Speetzen and William J. Russell, filed a motion for a protective order staying the deposition. First Colony filed a response brief, including a request for sanctions. The district court denied the motion and sanctioned the plaintiffs $500.

Fed.R.Civ.P. 26(a), which governs motions for protective orders, makes Rule 37(a)(4) applicable regarding the award of expenses incurred in relation to such motions. See Fed.R.Civ.P.

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

26(a). When a court denies a motion for protective order, the Rule calls for an award of the opposing party's expenses unless the motion was substantially justified or unless sanctions would be otherwise unfair.

Before expenses are awarded, however, the party to be sanctioned must have an opportunity to be heard. Rule 37(a)(4)(B) states:

> If the motion is denied, the court . . . shall, *after affording an opportunity to be heard*, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.
> Fed.R.Civ.P. 37(a)(4)(B) (emphasis added).

An oral hearing is not required. The Advisory Committee Notes state that the court may consider awards of expenses either on written submissions or in an oral hearing. See Fed.R.Civ.P. 37(a) advisory committee's note (1993). In this case, while the district court had ample authority to award expenses, it should have done so only after allowing the parties to file papers or have a hearing.

Further, the sanctioning order appears to name two non-parties. Almost a year before the plaintiffs filed the motion at issue, Mark Gabro and Cathy Gabro were dismissed with prejudice from the action, and Miller, Speetzen and Russell were added as plaintiffs. The sanctions order, which was prepared by the defendants, had an incorrect caption and named the Gabros rather than Miller, Speetzen and Russell as plaintiffs to be sanctioned. The district court probably simply did not notice that the wrong

3

plaintiffs were named.  In any case, it would have been an abuse of discretion for the district court to sanction parties for a frivolous filing when they had long since left the litigation arena.

We remand to the district court for consideration of an award of expenses compliant with Fed.R.Civ.P. 37(a)(4)(B).  REVERSED AND REMANDED.